UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA MCCAFFERTY, as
personal representative of
the Estate of Katherine
Shearl,

    Plaintiff,

v.                             Case No: 2:25-cv-519-JES-DNF

KENZIE KARE GROUP HOME I &
II,
LLC, a Florida limited
liability company; CASSANDRA
ELIZABETH MCKENZIE, GUARDIAN
ASSURANCE SERVICES, INC.,
TERI ST. HILAIRE, KERRI
STEVENS, PREMIER SUPPORT
SERVICES, LLC, SHAWANA
CAMMOCK, LUNESE PIERRE
JOSEPH, LISEMONDE CADET
MIDY, GLADYS PIERRE-JOSEPH,
RONNIE MCKENZIE, DOLORES
CUERVO, BENITE SANON,
MILDRED WOODSON, SEIDI
GUERLINE, PETER SMART,
KIMONE DAWINS, RUPERT
MCKENZIE, EESHAWNNA
MATTHEWS, ODIENNE PETIT-
FORT, CASSANDRA THOMPSON,
and RUTH PHILDOR,

    Defendants.

_____

**OPINION AND ORDER**

      This matter comes before the Court on review of the Motion to Dismiss Plaintiff's Complaint (Doc. #82) filed on October 16, 2025 by Defendants Premier Support Services ("Premier") and Kerri

Stevens ("Stevens"). Plaintiff, as personal representative of the estate of decedent Katherine Shearl ("Shearl"), accuses Defendant Kenzie Kare Group Home I and II, LLC, (and twenty-one additional remaining defendants), of twenty-four counts[1] of negligence, wrongful death, and vicarious liability related to the June 27, 2023 death of decedent Shearl. Having reviewed the Complaint (Doc. #1) and the instant Motion to Dismiss, the Court finds several pleading deficiencies that preclude consideration on the merits.

First, the Complaint is a textbook shotgun pleading. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10(b) requires that a party state his "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A complaint that violates either of these rules is often referred to as a shotgun pleading. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291,

---

[1] Several additional parties were terminated from the Complaint prior to filing of the instant Motion to Dismiss.

1295 (11th Cir. 2018). A court presented with a shotgun pleading should order repleading. See Paylor v. Hartford Fire Ins., 748 F.3d 1117, 1127-28 (11th Cir. 2014).

The Eleventh Circuit has identified four types of shotgun pleadings: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) complaints that do not "separat[e] into a different count each cause of action or claim for relief"; and (4) complaints that "assert[ ] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1321-23.

In their Motion to Dismiss, Stevens and Premier assert that the Complaint constitutes a shotgun pleading for the following reasons: First, several of the claims in the complaint rely on conclusory or vague allegations. Second, "multiple, distinct claims for relief" are commingled within the various causes of action "rendering it difficult for Defendants to ascertain the precise nature of the allegations against them." Finally, the

3

Complaint realleges all 136 paragraphs of general factual allegations within each count, making the task of parsing through which allegation pertains to which claim or defendant insurmountable. (Doc. #82, pp. 22-32.) Plaintiff, to no surprise, disagrees with Stevens and Premier on all fronts.

The Court agrees with Stevens and Premier that the Complaint is a shotgun pleading for several reasons. The Complaint indiscriminately incorporates 136 numbered paragraphs of factual allegations – spanning more than 28 pages – into each of the twenty-four remaining counts, without any effort to connect or separate which of those 136 factual allegations relate to a particular count. Given the sheer number of defendants that Plaintiff brings claims against and the number of claims in the Complaint, the Court agrees that this alone is enough to render the Complaint a shotgun pleading. See e.g. Barmapov v. Amuial, 986 F.3d 1321, 1325 (11th Cir. 2021); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (identifying such deficiencies as within the second category of shotgun pleadings).

Additionally, in two counts, (Count IX and Count X), the Complaint brings claims for negligence against twenty-four defendants (some of whom have since been dismissed from the Complaint) without identifying which defendant's acts or omissions form the basis for either claim. Instead, the Complaint merely

4

explains that "[s]ince Plaintiff does not know the identity of the individual, an employee and/or agent of KENZIE KARE, who left Ms. Shearl unattended on June 15, 2023, when she fell out of her wheelchair, Plaintiff is suing in this count all known employees and/or agents of KENZIE KARE." (Doc. #1 PARA 281.)  This type of pleading, however, clearly falls within the fourth category of problematic shotgun pleadings identified by the Eleventh Circuit, since the complaint does not specify "which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  Weiland, 792 F.3d at 1323.  More to the point, a plaintiff is not permitted to take such a "sue first, ask questions later" approach to pleading.  See e.g. MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co., 994 F.3d 869, 879 (7th Cir. 2021)) (noting that a plaintiff's "sue first and ask questions later" approach "risk[ed] stretching the limits of judicial patience . . ..").

The Court further finds that "[e]ven under the most generous and lenient application of Rule 8, the complaint is decidedly improper and impermissible[,]" because a complaint in Federal Court is "an improper and impermissible place for the tedious and burdensome aggregation of prospective evidence, for the rehearsal of tendentious arguments, or for the protracted recitation and explanation of legal authority putatively supporting the pleader's

5

claim for relief." <u>Trump v. New York Times Co.</u>, 800 F. Supp. 3d 1297, 1298-99 (M.D. Fla. 2025). Over the span of 140 pages, Plaintiff dedicates no less than 91 paragraphs to the recital of various sections and subsections of State and Federal statutes and regulations which she claims are pertinent to Plaintiff's claims for relief, many of which appear repetitive of (and at times duplicative of) preceding paragraphs.

The Court recognizes that "[s]ome pleadings are necessarily longer than others[,]" particularly where, as here, the case involves multiple parties and claims, complex underlying facts, and pertinent events occurring over the course of years. <u>See Trump</u>, 800 F. Supp. 3d at 1297. But rule 8(e)(1) nevertheless directs that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Accordingly, the Complaint is DISMISSED without prejudice, with leave to amend within twenty-eight days.

Accordingly, it is now

**ORDERED**:

1. Defendants Premier Support Services ("Premier") and Kerri Stevens's Motion to Dismiss (Doc. #82) is GRANTED.

2. Plaintiff Barbara McCafferty's Complaint (Doc. #1) is DISMISSED without prejudice, for refiling within 28 days. The amended complaint must not exceed eighty pages,

excluding only the caption, the signature, and any attachment.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of January 2026.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record